UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES RAYBINE | CIVIL ACTION NO. 19-cv-1514 |
| VERSUS | JUDGE FOOTE |
| EVEREST NATIONAL INSURANCE CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Charles Raybine ("Plaintiff") filed this civil action in state court to complain of damages he sustained in an automobile accident. Defendants Robert Carr ("Carr"), Trucore Energy, LLC ("Trucore"), and Everest National Insurance Company ("Everest") removed the case to federal court based on an assertion of diversity jurisdiction, which puts the burden on the removing defendants to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. Some of the jurisdictional facts are adequately alleged (e.g., the citizenship of Trucore and Robert Carr), but others require more information if the defendants are to meet their burden.

**Citizenship of the Parties**

The notice of removal states that Everest is "a foreign/out-of-state insurer and has its principal place of business in Liberty Corner, New Jersey." The notice does not allege Everest's type of entity. If it is a corporation, it is deemed to be a citizen of both (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice

of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). If Everest is a corporation, the removing defendants will need to file an amended notice of removal that alleges its state of incorporation. If it is an unincorporated entity, such as an LLC, its citizenship will need to be alleged in accordance with the rules set forth in cases such as Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The notice of removal also states that USAA is "a foreign insurance company authorized to do and doing business in the State of Louisiana. . . ." The notice does not allege USAA's type of entity or the state(s) in which it is deemed to be a citizen. The amended notice of removal must set forth USAA's citizenship information in accordance with the rules outlined above.

The notice of removal states that Plaintiff is "a resident of the State of Louisiana, and is therefore deemed to be a citizen of Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). For the sake of clarity, the amended notice of removal should allege whether Plaintiff is a domiciliary of Louisiana.

**Amount in Controversy**

Plaintiff's petition, consistent with Louisiana law, did not pray for a particular amount. The notice of removal states that Plaintiff "avers that the insurance coverage provided to Truecore Energy and Robert Carr is insufficient to satisfy the damages he seeks to recover; therefore, plaintiff has further asserted a claim for damages against USAA as his insured/under-insured motorist carrier." The removing defendants assert that this claim meets the amount in controversy requirement. However, the notice of removal does not offer any specific allegations about the amount of the policy limits or the nature and extent of Plaintiff's alleged injuries and damages. The amended notice of removal should include specific allegations to show that the threshold requirement is met in this case.

**Deadline**

The deadline for filing the amended notice of removal is December **20, 2019.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of December, 2019.

Mark L. Hornsby
U.S. Magistrate Judge